UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINIX, INC and WINIX AMERICA, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>FILTERBUY, INCORPORATED,<br><br>Defendant. | CASE NO. 1:18-cv-4569<br><br>COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; FEDERAL FALSE ADVERTISING AND UNFAIR COMPETITION; VIOLATIONS OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510/2); AND VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS § 505/2)<br><br>DEMAND FOR TRIAL BY JURY |

Plaintiffs Winix, Inc. and Winix America Inc. (collectively, "Winix"), by and through their attorneys, Tucker Ellis LLP, file this complaint against Vacuum Filter Buy ("Defendant") for damages and injunctive relief as follows:

### Subject Matter Jurisdiction and Venue

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121 because this is a claim for trademark infringement, false designation of origin, and false advertising and unfair competition arising under the Lanham Act, 15 U.S.C. § 1125(a).

2.     Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b).  The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Northern District of Illinois; the claims alleged in this action arose in the Northern District of Illinois; Plaintiff's principal place of business is in the Northern District of Illinois, and, the Defendant transacts business in the Northern District of Illinois.

### Parties and Personal Jurisdiction

3.     Plaintiff Winix, Inc. is a corporation of the Republic of Korea, having its principal place of business at Shiheung-City, Kyunggi, Republic of Korea.

1

4.     Plaintiff Winix America, Inc. is a corporation organized under the laws of Illinois with its principal place of business in Vernon Hills, Illinois.

5.     Defendant, upon information and belief, is a corporation organized under the laws of Alabama and has its principal place of business at Talladega, Alabama.  This Court has personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Northern District of Illinois.  Defendant regularly does and solicits business and derives substantial revenue from doing business in this Judicial District, and at least some of Defendant's wrongful acts take place here, including its acts of false advertising.

**The Business of Plaintiff**

6.     For over 40 years, Winix has been a manufacturer of healthy home appliances, including air purifiers, humidifiers, dehumidifiers, and filters.

7.     Winix focuses on bringing comfort to its users' indoor environments, and Winix is currently one of the world's leading producers of premium performance air cleaners.

8.     Winix is known as a leader in manufacturing products that offer clean air, clean water, and comfortable living.

9.     At least some of Winix's air filtration products are certified to perform at a certain level by the Association of Home Appliance Manufacturers ("AHAM").  For instance, certain of Winix's products are required to have a Dust Clean Air Delivery Rate ("Dust CADR") of at least 197 to meet AHAM AC-1-2006 standards for that unit type.  Those products, when used with a genuine Winix filter, meet or exceed this standard.

10.     Winix owns U.S. Trademark Registration No. 3,594,853 for the wordmark WINIX (the WINIX wordmark). This registration is valid and subsisting on the Principal Register, and it is also incontestable. A copy of the registration certificate is attached as Exhibit 1.

11.     Winix is also the owner of the following WINIX design mark:



12.     The WINIX design mark is both distinctive and has developed secondary meaning, and as a result, Winix has developed valuable common law rights in this mark.

13.     The WINIX design mark and the WINIX wordmark are collectively referred to as the WINIX Marks.

**Defendant's Wrongful Conduct**

14.     Defendant sells imitation replacement filters for Winix products.  In particular, Defendant sells an imitation replacement filter as a substitute for the Winix 115115 filter.  A genuine Winix 115115 filter is compatible with a number of Winix products.

15.     On its website available at www.filterbuy.com, Defendant offers "Quality Air & Furnace Filter Replacements," advertises to consumers the ability to shop name brands by stating, "We carry all the major brands," and uses the WINIX design mark without authorization to advertise its replacement filters.

16.     Defendant also advertises that it is selling "Winix 115115 Filter Replacement Set."

17.     Defendant also advertises these imitation replacements by stating, "Replacing these filters will ensure maximum performance resulting in cleaner air!"

18.     Screen captures of Defendant's website with certain features highlighted are attached as Exhibit 2.

19.     Winix purchased one of these replacement filters and tested it to find that its pressure drop was two times higher than a genuine Winix filter. Thus, despite the fact that Defendant markets its imitation replacement filters as being of quality and as ensuring maximum performance, the opposite is true.

20.     Instances of actual confusion between Defendant and Winix already exist, as demonstrated by reviews on Defendant's website, one of which states, "[T]he products are the same material and fit as the originals because they are the original filters." The products sold by Defendant are not original Winix filters. A screen capture of this review is attached as Exhibit 3.

21.     Defendant also sells its imitation replacement filters on Amazon.com. On Amazon.com, Defendant uses confusingly similar language that makes it difficult to tell whether Defendant is a division or brand of Winix. For instance, Defendant lists its imitation product as "Designed by FilterBuy Winix Plasma Wave Air Purifier Models . . ." This is especially troubling because on other parts of the Amazon.com listing, Defendant delineates between different brands.

22.     A marked up screen capture of a portion of Defendant's Amazon.com listing for its imitation Winix filters is attached as Exhibit 4.

23.     A marked up screenshot of a portion of an Amazon.com listing where Defendant delineates between its own brand and the brand for which it is selling replacement filters is attached as Exhibit 5.

**First Cause of Action**

(Federal Unfair Competition and False Advertising Under 15 U.S.C. § 1125(a))

24.     Winix realleges and incorporates by reference paragraphs 1 through 23 of this complaint.

25.     Defendant made a false or misleading description of fact or representation of fact in its commercial advertisements about its imitation Winix replacement filters, including the untrue statements that those products are of quality and ensure maximum performance (*i.e.*, the same performance as a genuine Winix filter).

26.     These misrepresentations are material in that they are likely to influence the purchasing decision of consumers.  On information and belief, if consumers were informed that using one of Defendant's imitation replacement filters would substantially reduce the performance of their Winix products, those consumers would be less likely to purchase the imitation filters in lieu of genuine Winix filters.

27.     These misrepresentations actually deceive or have the tendency to deceive a substantial segment of consumers, for it may be difficult for consumers to know that Defendants' claims are false absent the ability to perform professional testing, and, on information and belief, consumers are unlikely to engage in such testing.

28.     Defendant made these false and misleading statements in interstate commerce by, at the very least, publishing them on its website and in the nationwide advertising and sales platform Amazon.com.  Defendant sells in interstate commerce the goods subject to the false advertisements.

29.     Defendant knew or should have known that these statements were false and likely to mislead.

30.     As an actual and proximate result of Defendant's actions, Winix has been and likely will continue to be injured as the result of Defendant's misrepresentations, both by the direct diversion of sales and by the lessening of goodwill associated with Winix's products.  In particular, Winix has lost sales of its genuine 115115 filters because consumers have purchased Defendant's imitation product instead at a cheaper price point.  Moreover, if any consumers using the imitation products become aware that their Winix product is not operating as effectively as it once did, they may attribute that decline to the quality of the Winix product and not a substandard replacement filter.  This would seriously and irreparably harm the valuable goodwill concerning its products that Winix has spent many years developing.

31.     Winix's remedies at law are not adequate to compensate Winix for the injuries already inflicted or those further threatened by Defendant.  Accordingly, Winix is entitled to temporary,

4

preliminary, and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

32.     Pursuant to 15 U.S.C. § 1117, Winix is entitled to damages for Defendant's Lanham Act violations, an accounting for profits made by Defendant for the sale of the imitation filters, as well as recovery of the costs of this action.  Further, on information and belief, Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Winix to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**Second Cause of Action**

(Trademark Infringement Under 15 U.S.C. § 1114(1))

33.     Winix realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 32 of this Complaint as though fully set forth here.

34.     Defendant's use in commerce of Winix's federally registered trademark on its website and on Amazon.com is likely to cause confusion, mistake, or to deceive.

35.      The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Winix to relief.

36.     Defendant has unfairly profited from the trademark infringement alleged.

37.     By reason of Defendant's acts of trademark infringement, Winix has suffered damage to the goodwill associated with the WINIX mark.

38.     Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Winix and its federally registered trademark.

39.     Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

40.     By reason of Defendant's acts of trademark infringement, Winix's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant.  Accordingly, Winix is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

41.     By reason of Defendant's willful acts of trademark infringement, Winix is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

42.     This is an exceptional case making Winix eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Third Cause of Action**

(False Designation of Origin

Under 15 U.S.C. § 1125(a))

43.     Winix realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 42 of this Complaint as though fully set forth here.

44.     Winix's WINIX wordmark and WINIX design mark each is unique and distinctive such that they each designate a single source of origin.

45.     Defendant's use in commerce of the WINIX marks is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or service are authorized, sponsored or approved by or are affiliated with Winix.

46.     Winix is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship, or affiliation.

47.     Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

48.     By reason of the above-described acts of Defendant, Winix has suffered and will continue to suffer damage to the goodwill associated with the WINIX marks.

49.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Winix and the WINIX marks.

50.     The above-described acts of Defendant have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

51.     By reason of the above-described acts of Defendant, Winix's remedy at law is not adequate to compensate it for the injuries inflicted.  Accordingly, Winix is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

52.     Because the above-described acts of Defendant were willful, Winix is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

53.     This is an exceptional case making Winix eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Fourth Cause of Action**

(Violations of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/2))

54.     Winix realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 53 of the Complaint as if fully set forth here.

6

55.     Section 2 of the Illinois Deceptive Trade Practices Act, 815 ILCS § 510/2, provides in pertinent part that:

(a)     A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:

(1)     passes off goods or services as those of another;

(2)     causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3)     causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;  . . .

(5)     represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have; . . .

(7)     represents that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another; . . .

(9)     advertises goods or services with intent not to sell them as advertised; . . . [or]

(12)    engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

56.     Defendant's acts, as alleged above, constitute violations of each of Sections 2(a)(1)-(3) and (12) of the Illinois Deceptive Trade Practices Act because, at the very least, Defendant's unauthorized use of the WINIX marks and the acts complained of result in the passing off of its goods as those of Winix and is likely to cause confusion or of misunderstanding as to the source, sponsorship, approval or certification of Winix's goods, and cause likelihood of confusion or of misunderstanding as to Winix's affiliation, connection, or association with or certification by Winix.

57.     Defendant's acts, as alleged above, constitute violations of each of Sections 2(a)(5), (7), (9), and (12) of the Illinois Deceptive Trade Practices Act because, at the very least, Defendant has represented that the imitation Winix filters it sells are of a higher quality level and have characteristics of genuine Winix filters, which is untrue.

58.     Defendant is engaged in deceptive trade practices within the meaning of the statute.

59.     Winix has been damaged by Defendant's deceptive trade practices and, unless Defendant is enjoined or otherwise restrained by this Court, Winix will continue to be damaged in the future and will have no adequate remedy at law.

## Fifth Cause of Action

(Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act

(815 ILCS § 505/1))

60.     Winix realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 59 of the Complaint as if fully set forth here.

61.     The acts complained of above, and in particular those described with respect to the Fourth Cause of Action, also constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

62.     Defendant's conduct was intentional, willful, and outrageous, in a way that was done with deliberate disregard or reckless indifference to the rights of Winix.

63.     Winix has been damaged by Defendant's illegal activity and, unless Defendant is enjoined or otherwise restrained by this Court, Winix will continue to be damaged in the future and will have no adequate remedy at law.

## Prayer for Relief

**Therefore**, Winix respectfully requests judgment as follows:

1.     That the Court enter a judgment against Defendant that Defendant has:

    (a)     infringed the trademarks rights in the WINIX wordmark and the WINIX design mark in violation of 15 U.S.C. § 1125;

    (b)     infringed the rights of Winix in its federally registered trademark in its WINIX wordmark in violation of 15 U.S.C. § 1114;

    (c)     engaged in false advertising and unfair competition in violation of 15 U.S.C. § 1125;

    (d)     violated the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/2); and

    (e)     violated Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505/1).

2.     That each of the above acts were willful.

3.     That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

    (a)     engaging in the acts complained of;

      (b)      manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any imitation Winix filters in the possession of Defendant;

      (c)      destroying any documents, electronic files, photographs, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such imitation Winix filters; and

      (d)      engaging in any other activity constituting an infringement of Winix's trademark rights or constituting false advertising or unfair competition concerning Defendant's products that compete with Winix products or that are purported be to compatible with Winix products, including requiring a disclaimer on any advertising that Defendants' product significantly reduces the efficacy and performance of any Winix product with which it is used.

4.      That Winix be awarded damages for Defendant's trademark infringement, false advertising, unfair competition, and violations of Illinois state law.

5.      That Winix be awarded Defendant's profits resulting from its infringement of Winix's trademark rights as well as Defendant's acts of false advertising and unfair competition.

6.      That Defendant be ordered to account for and disgorge to Winix all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of.

7.      That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8.      That Winix be awarded its costs needed to perform corrective advertising to counteract the effects of Defendant's false advertising.

9.      That Winix be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

10.      That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from engaging in any activity constituting false advertising or unfair competition concerning Defendant's products that compete with Winix products or that are purported be to compatible with Winix products, including requiring a disclaimer on any advertising that Defendants' product significantly reduces the efficacy and performance of any Winix product with which it is used, or from engaging in the infringement of Winix's trademarks.

11.      That Winix be awarded prejudgment and post-judgment interest.

12.     That the Court award Winix its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and any other applicable provision of law.

13.     That the Court award Winix its costs of suit incurred herein.

14.     That Winix be awarded such other relief as may be appropriate.


Respectfully submitted,
TUCKER ELLIS LLP



By: /s/Nathan T. Newman
Nathan T. Newman – ARDC #6322359
Tucker Ellis LLP
233 South Wacker Drive
Suite 6950
Chicago, IL 60606
Telephone:  312.624.6300
Facsimile:   312.624.6309


AND

Howard A. Kroll – CA SBN 100981
howard.kroll@tuckerellis.com
Tucker Ellis LLP
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071-2223
Telephone:  213.430.3400
Facsimile:   213.430.3409

## DEMAND FOR TRIAL BY JURY

Plaintiffs Winix, Inc. and Winix America, Inc. hereby demand a trial by jury to decide all issues so triable in this case.

Respectfully submitted,
TUCKER ELLIS LLP

By: /s/Nathan T. Newman
    Nathan T. Newman – ARDC #6322359
    Tucker Ellis LLP
    233 South Wacker Drive
    Suite 6950
    Chicago, IL 60606
    Telephone:  312.624.6300
    Facsimile:  312.624.6309

    AND

    Howard A. Kroll – CA SBN 100981
    howard.kroll@tuckerellis.com
    Tucker Ellis LLP
    515 S. Flower Street, 42nd Floor
    Los Angeles, CA 90071-2223
    Telephone:  213.430.3400
    Facsimile:   213.430.3409